O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE VICTOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST WINE & SPIRITS, LLC, et al.<br><br>　　　　　Defendants. | Case No.: 2:23-cv-00690-MEMF (PDx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDERS AND EMERGENCY MOTION AND REQUEST FOR IMMEDIATE RELIEF [ECF NOS. 4, 9]** |

　　Before the Court is the Motion for Temporary Restraining Orders, ECF No. 9 ("TRO Motion" or "TRO Mot."), as well as the Emergency Motion and Request for Immediate Relief, ECF No. 4 ("Emergency Motion"), filed by Plaintiff Danielle Victor. For the reasons stated herein, the Court DENIES the TRO Motion and the Emergency Motion.

/ / /

/ / /

1

## I. Factual Background

On January 27, 2023, Plaintiff Danielle Victor ("Victor"), appearing *pro se*, filed this case in the Central District of California against forty defendants alleging forty-five different claims, ranging from wage and employment disputes, defamation, assault, sexual battery and harassment, racial discrimination, fraud, perjury, and negligence. *See generally* ECF No. 1 ("Complaint" or "Compl.").

That same day, Victor also filed the instant TRO Motion. In the TRO Motion, Victor refers the Court to her prior Emergency Motion. Mot. at 3. The Emergency Motion seeks judgment on all Victor's claims and requests multiple forms of relief, including monetary damages, as well as declarations that Defendants violated various provisions of state law, an injunction preventing Defendants from further violations of such laws, and removal of the individual Defendant lawyers from the California State Bar. Emergency Motion at 49–117. The instant action is one of several cases alleging similar facts.

## II. Applicable Law

The underlying purpose of a temporary restraining order ("TRO") is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir.2006). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

///

### III. Discussion

Before the Court reaches the merits of Victor's TRO Motion and Emergency Motion, it must determine whether (1) Victor complied with the necessary procedure to file a TRO, and (2) the requested relief is equitable in nature.

#### A. Lack of Notice

Although a preliminary injunction cannot be granted without notice, a TRO may be granted without notice to the adverse party under limited circumstances. FED. R. CIV. P. 65(a)–(b). Under Rule 65(b), a court may issue a TRO without notice to the adverse party if: "(1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(l).

Here, Victor fails to satisfy the notice requirement. On February 8, 2023, Victor affirmed that "she has not served the Defendants, each of them, pursuant to Federal Rule 65(a)." ECF No. 18 ("Notice of Non-Service to All Named Defendants"). As such, Victor must present either an affidavit or a verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result despite the Defendants' lack of notice. FED. R. CIV. P. 65(b)(l).

While Victor does provide a verified complaint, *see generally* Compl., she does not clearly show that immediate and irreparable injury, loss, or damage is imminent. As the Supreme Court notes, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 95–96 (1983). Here, many of the injuries Victor alleges occurred in the past and are unaccompanied by continuing and present threats. *See* Compl. ¶ 51 ("Ms. Victor is informed and believes that the Defendants have sexually assaulted, sexually battered, abused, harassed, discriminated against, and retaliated against multiple victims, such as Ms. Victor."); ¶ 211 ("The Defendants and their co-conspirators had doctored fraudulent paperwork in [Victor's] employee file."); ¶ 1087 ("Defendants failed to take all, or any reasonable steps necessary to prevent a work environment free of discrimination and harassment."). Indeed, many of Victor's causes of

action arise from events that allegedly took place during her employment with Defendants Wally's Auction House, LLC and Southwest Wine & Spirits, LLC. *See* Emergency Motion at 12 ("Ms. Victor, during her employment, was subjected to extreme racism, battery, assault, sexual harassment, discrimination, unpaid wages, retaliation, amongst other things."); *see generally* Compl. (alleging several causes of action for Defendants' failure to pay wages). However, Victor alleges that she was wrongfully terminated on June 14, 2019. Mot. at 12. Thus, as alleged, there is no risk of immediate or irreparable injury because Victor no longer works for or with the Defendants.

Absent allegations that go to a continuing and present risk of injury or loss, Victor cannot prevail on her TRO Motion without providing Defendants notice. *See Granny Goose Foods, Inc.*, 415 U.S. at 438-39 ("The stringent restrictions imposed by [Rule 65] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). Accordingly, Victor's TRO Motion is DENIED. The Emergency Motion is DENIED for the same reasons.[1]

### B. Improper Request for Relief

A plaintiff seeking a TRO must demonstrate "that remedies available at law, such as monetary damages, are inadequate to compensate for th[eir] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Supreme Court has repeatedly held that "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

In the employment context, discharge and its associated consequences do not ordinarily constitute irreparable harm, no matter how "severely they may affect a particular individual."

---

[1] This Court construes the Emergency Motion as also seeking a TRO. To the extent that the Emergency Motion is more properly construed as seeking a preliminary injunction, it fails for lack of notice. As discussed, a preliminary injunction cannot be granted without notice, and Victor has affirmed that she has not provided notice. Notice of Non-Service to All Named Defendants.

*Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974). This is because "[m]ere injuries, however substantial, in terms of money, time and energy . . .are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* at 90 (footnote and internal quotation marks omitted).

Here, the remedies Victor seeks are inappropriate for decision on a TRO. Specifically, Victor requests over three million dollars in damages for a variety of alleged wage and labor discrimination violations. *See* Emergency Motion at 49–58. As the Supreme Court notes, damages for alleged violations in the employment context are available to Victor in the ordinary course of litigation. *Sampson*, 415 U.S. at 90. They are not, however, the type of irreparable damages necessary to warrant the "extraordinary remedy" of a TRO. *Winter*, 555 U.S. at 24. Put differently, Victor is not foreclosed from pursuing her claims against Defendants. Rather, Victor fails to demonstrate to the Court why the damages she seeks would be unavailable or insufficient were the TRO was denied. As such, her TRO Motion is DENIED. The Emergency Motion is DENIED for the same reasons.[2]

## RESOURCES FOR SELF-REPRESENTED PARTIES

Although Victor is proceeding *pro se*, *i.e.*, without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants, i.e., parties who are not represented by a lawyer. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may

---

[2] As discussed above, the Emergency Motion is properly construed as seeking a TRO or a preliminary injunction. The same requirements for relief would apply, and Victor has failed to meet them.

not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

## **CONCLUSION**

For the reasons stated above, the Court **DENIES** Victor's Motion for a TRO and her Emergency Motion.

**IT IS SO ORDERED**.

Dated: March 10, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge