UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                              Date: July 14, 2025

Title    *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

Present: The Honorable:    Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**    **Order to Show Cause Why the First Amended Complaint Should Not be Dismissed**

## I.   Procedural History and Summary of Factual Allegations

On March 16, 2025, Plaintiff Danielle Victor ("Plaintiff"), proceeding pro se, filed a First Amended Complaint ("the FAC") against the following 32 Defendants: Southwest Wine & Spirits, LLC, Wally's Auction House, LLC, Mel-Jen, Paul Marciano, Maurice Marciano, Christian Navarro, Thomas Kachani, Navarro Online, LLC, Matthew Marciano, Nancy Hunter, Sami Fromer, Keith Bjelajac, Laura Burns, Christie's Wine, Inc., Christie's Inc., 3900 WA Associates, LLC, Delta Airlines, Inc., Walter Mosley, Nathalie Meza Contreras, Nathalie Meza Contreras Law, PC, Carlos Eduardo Montoya Solis, Juan J. Dominguez, Jae Hyun Kim, Kacey Riccomini, Arthur F. Silbergeld, Thompson Coburn, LLP, Richard Gene Reinis, Amanda Headworth, Blanca Gutierrez, Dominguez Law Firm, PLLC, Sally D. Grieg, LLC, United States of America, and Does 1-100.  [Dkt. No. 37 at 5-29.]

The gravamen of the FAC alleges that over the course of Plaintiff's employment at Wally's, a Beverly Hills restaurant and bar, she was sexually assaulted, battered, abused, subjected to racism, harassed, and discriminated and retaliated against on multiple occasions by multiple people involved with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                    Date: July 14, 2025

Title    *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

Wally's, including management and ownership. [Id. at 30-120.[1]]  Plaintiff also alleges that she was not accurately paid for the hours she worked.  [Id. at 50-51, 61-62, 77-78, 87-88, 94-95, 98, 102-03, 108-09.]  On June 12, 2019, Plaintiff alleges she worked her last shift before her wrongful termination.  [Id. at 114.]

      Shortly thereafter, Plaintiff retained counsel to pursue legal action against her former employer.  [Id. at 120.]  Plaintiff alleges that her legal counsel conspired with other law firms and withdrew her labor complaints with the Labor Commissioner without her knowledge.  [Id. at 128, 139-45.]  Plaintiff alleges that, in preparing for her case and filing the lawsuit in Los Angeles County Superior Court, her prior counsel intentionally made numerous errors, causing Plaintiff to represent herself.  [Id. at 145-78.]

      Plaintiff further alleges that the judge in charge of her state court case, and the arbitrator in charge of the related arbitration, denied Plaintiff the right to amend her complaint and aided Defendants throughout the litigation.  [Id. at 138-39, 181-84.]  Plaintiff alleges the owners of Wally's Beverly Hills paid and conspired with the law firms she previously retained, the Superior Court judge in charge of her state court case, the clerks for the Los Angeles County Superior Court, the United States District Court for the Central District of California, the California Labor Commissioner's Office, the State Bar of California, the U.S. District Attorney's Office, and the Los Angeles Attorney General's Office, among others, to deprive her of her day in court.  [Id. at 185-86.]

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00690-MEMF-PDx          Date: July 14, 2025

Title     *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

Plaintiff seeks declaratory relief,[2] monetary relief, injunctive relief,[3] and requests that Defendants be found guilty of perjury and subornation of perjury in violation of California Penal Code §§ 118, 127 and that they be found guilty of felonies under California Penal Code §§ 132, 134, 136.1, 182, and 422.85, along with special and general damages and restitution. [Id. at 205-22.][4]

---

[2] Plaintiff requests the Court declare that Defendants violated California Labor Code §§ 204, 226, 247.5, 351, 354, 356, 510, 553, 558, 1102.5, 1174, 1194, 1198.5, and 1199. [Id. at 206-15.]

[3] Plaintiff requests the Court order injunctive relief against Defendants for their violations of the Unruh Civil Rights Act and discrimination and for failing to comply with the mandates of the Federal Employment and housing authority ("FEHA"). [Id. at 216-17.]

[4] Plaintiff requests the court to order fines against Defendants for bribery, conspiracy against rights, deprivation of rights under color of law, taking or using papers relating to claims, conspiracy to defraud the Government with respect to claims, conspiracy to commit offense or to defraud the United States, obligations or securities of United States, uttering counterfeit obligations or securities, contractors' bonds, bids, and public records, contracts deeds, and powers of attorney under 18 U.S.C. §§ 201, 241, 242, 285, 286, 371, 471, 472, 494, and 495. [Id. at 224-27.] Plaintiff also requests the Court find Defendants guilty of embezzlement, extortion, blackmail, making false statements, being in possession of false papers to defraud the United States, acknowledgment of appearance of oath, obstructing proceedings before departments, agencies, and committees, obstruction of court orders, obstruction of criminal investigations and perjury, subornation of perjury, making false declarations before the court, concealment, removal, or mutilation of any record, proceeding, unlawfully forcing Plaintiff into arbitration, being part of a criminal street gang, continuing to feloniously steal, take away, alter, falsify avoid any record process, proceeding in court in regard to this litigation, obtaining illegal renumerations, and other crimes under 9 U.S.C. § 402 and 18 U.S.C. §§ 220, 474, 521, 641, 645, 669, 872, 873, 1001, 1002, 1016, 1031, 1035, 1341, 1347, 1503, 1505, 1506, 1509, 1510, 1513, 1518, 1519, 1621, 1622, 1623, 2071, 2073. [Id. at 223-236.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                                   Date: July 14, 2025

Title       *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

      On June 26, 2025, the district judge referred all pretrial matters to the assigned magistrate judge for review and determination.  [Dkt. No. 45.]

---

Plaintiff further requests the Court find Defendant United States of America guilty of 18 U.S.C. §§ 654, 2075, and 2076.  [Id. at 231.]

Plaintiff lacks standing to bring federal, or state criminal law claims against any of the Defendants.  "Generally, criminal statutes do not confer private rights of action ...." *Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (citing *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1991)).  Title 18 of the United States Code concerns federal crimes.  Plaintiff's allegations that Defendants violated various federal criminal statutes under Title 18 do not state cognizable civil claims. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§ 241 and 242 because these are criminal statutes that do not give rise to civil liability."); *Gilreath v. Bach*, No. EDCV 17-0694, 2017 WL 5593017, at *5 (C.D. Cal. Oct. 11, 2017), report and recommendation adopted, 2017 WL 5564545 (C.D. Cal. Nov. 9, 2017) ("Plaintiff has failed to state a claim under 18 U.S.C. §§ 4, 241, 242, 872, 1341, or any other criminal statute referenced in the Complaint."); *Reed v. East End Props., Inc.*, No. ED CV 17-955-DMG (KKx), 2018 WL 6131211 (C.D. Cal. Mar. 15, 2018) (concluding that plaintiffs lacked standing to bring claim for misprision of felony).  Further, Plaintiff's allegations that Defendants violated state criminal statutes do not state cognizable civil claims.  *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on California Penal Code sections because "these code sections do not create enforceable individual rights"); *Sohal v. City of Merced Police Dep't*, 2009 WL 961465 at *7 (E.D. Cal. Apr.8, 2009) ("This court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action.").  For these reasons, the FAC is subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                             Date: July 14, 2025

Title      *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

## II.  Legal Standard

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 n.7 (9th Cir. 2000) (en banc).  Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief."  *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own, at the outset, without leave to amend.  *See Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Fed. R. Civ. P 12(b)(6)); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (district court has authority under Rule 12(b)(6) to dismiss sua sponte for failure to state a claim).

In determining whether the FAC should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* 550 U.S. at 570).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*.  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) *as amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).  Because Plaintiff is proceeding pro se, the Court construes the FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                                             Date: July 14, 2025

Title      *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

### III.  Discussion

#### A.  Failure to Comply with Rule 8

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atlantic Corp.*, 550 U.S. at 555 & n.3 (citation and quotation marks omitted). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

The FAC contains 239 pages of allegations against 32 Defendants. [*See* Dkt. No. 37.] The FAC, however, does not include any specific causes of action or claims against any Defendants. While the FAC provides a narrative of alleged wrongs, the Court cannot determine which Defendants are tied to these allegations and what legal theory Plaintiff's allegations rest on. Grouping the Defendants together does not provide each Defendant fair notice as to what legal theory Plaintiff is bringing against each of them and fair notice of what individual acts or omissions by them have allegedly caused Plaintiff's injuries and damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                         Date: July 14, 2025

Title       *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

For these reasons, the FAC is subject to dismissal.[5]

### B.   Improper Joinder of Defendants under Rule 20

Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined only where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a).  In other words, a "plaintiff may join multiple defendants in a single action only if [the] plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."  7 Charles Alan Wright et al., *Federal Practice and Procedure § 1655* (3d ed. 2001); *see, George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits," to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce.)

The FAC does not comply with Rule 20's requirement as Plaintiff fails to allege any claims or causes of action against any individual Defendant. Thus, Plaintiff has not met the preconditions in Rule 20(a) for joining the 32 Defendants together in this action.  Plaintiff has not alleged any claims, and the Court cannot determine whether all of the Defendants she has named participated in the same transaction or series of transactions and that a question of fact is common to all of the Defendants.  The allegations do not create the necessary relationship or set forth claims that would allow them to be asserted in a single lawsuit.

For these reasons, the FAC runs afoul of Rule 20.

---

[5] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx							Date: July 14, 2025

Title	 *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

### C. Plaintiff's Claims Appear Barred by *Rooker-Feldman*

The allegation in the FAC concern conduct that occurred during the state court litigation.[6] As such, this case is part of and inextricably intertwined with that action. Plaintiff alleges that the judge in charge of her state court case, and the arbitrator in charge of the related arbitration, denied Plaintiff the right to amend her complaint and aided Defendants throughout the litigation. [Id. at 138-39, 181-84.] Plaintiff alleges the owners of Wally's Beverly Hills paid and conspired with the law firms she previously retained, the Superior Court judge in charge of her state court case, the clerks for the Los Angeles County Superior Court, the United States District Court for the Central District of California, the California Labor Commissioner's Office, the State Bar of California, the U.S. District Attorney's Office, and the Los Angeles Attorney General's Office, among others, to deprive her of her day in court. [Id. at 185-86.]

The instant case effectively challenges the Los Angeles County Superior Court's rulings and alleges that the Plaintiff's state case should not have been dismissed. This Court is precluded from exercising jurisdiction over such claims by the *Rooker-Feldman* doctrine, which provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Review of state court decisions may

---

[6] The Court takes judicial notice of its own files and records and notes that on May 16, 2022, Plaintiff improperly removed an action she filed in the Los Angeles County Superior Court, Case No. 20STCV34566 in *Danielle Victor v. Southwest Wine and Spirits, LLC*, et al., Case No. 2:22-cv-03312-DSF-SK. The District Court ordered the case remanded to the state court. [*See* Dkt. No. 7.] On June 9, 2022, Plaintiff removed the Los Angeles County Superior Court, Case No. 20STCV34566 again in *Danielle Victor v. Southwest Wine and Spirits, LLC, et al.,* Case No. 2:22-cv-03995-DSF-SK. The District Court once again ordered the case remanded to the state court. [*See* Dkt. No. 7.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                                    Date: July 14, 2025

Title       *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

be conducted only by the United States Supreme Court. *See Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257.

     The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves federal constitutional issues. *See Dubinka v. Judges of the Superior Court of the State of Cal.*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). A plaintiff may not avoid the *Rooker-Feldman* bar by styling his attack on the state court's ruling as a civil rights action. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995), *overruled on other grounds as stated in Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017); *Worldwide Church of God*, 805 F.2d at 893 n. 4.

     *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (where a plaintiff's claims are "inextricably intertwined" with the state court's decision such that a ruling in the plaintiff's favor would undermine the state court's ruling, "the federal complaint must be dismissed for lack of subject matter jurisdiction."); *Hanson v. Firmat*, 272 F. App'x 571, 572 (9th Cir. 2008) (holding *Rooker–Feldman* doctrine barred the plaintiff's § 1983 action against county alleging due process violations in connection with child custody proceedings).

     As the Ninth Circuit explained in *Bianchi*, the *Rooker-Feldman* doctrine "bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment . . . ." *Bianchi*, 334 F.3d at 901 n.4; *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (dismissing Section 1983 action under *Rooker–Feldman* where plaintiff's due process and conspiracy claims against public officials involving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                            Date: July 14, 2025

Title     *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

alleged tampering with and falsifying of evidence arose out of an underlying state court action).

Accordingly, the FAC is subject to dismissal under the *Rooker-Feldman* doctrine.

## IV. Order

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the FAC be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B).

To discharge and satisfy this order, Plaintiff can either:

(1)  File a second amended complaint, which would entirely supersede the FAC, if she can cure the factual and legal deficiencies outlined in this Order. Plaintiff is advised that a second amended complaint would entirely replace the FAC in this action. Further, any amended complaint must:

(a) be labeled "Second Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00690-MEMF-PDx                        Date: July 14, 2025

Title     *Danielle Victor v. Southwest Wine & Spirits, LLC, et al.*

>   (f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
>   (g) not add defendants or claims without leave of court.

or

>   (2)   Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiff must do one of these things by no later than **August 11, 2025**. If, given the contents of this Order, Plaintiff selects not to proceed in this action, she may expedite matters by signing and returning the **attached Notice of Dismissal by August 11, 2025,** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, her failure to timely file a second amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)