**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIELLE VICTOR,

Plaintiff,

v.

SOUTHWEST WINE & SPIRITS, LLC, et al.,

Defendants.

Case No. 2:23-cv-00690-MEMF-PD

**ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS**

## I. Pertinent Procedural History and Plaintiff's Claims

On March 16, 2025, Plaintiff Danielle Victor ("Plaintiff"), proceeding pro se, filed a First Amended Complaint ("the FAC") against the following 32 Defendants: Southwest Wine & Spirits, LLC, Wally's Auction House, LLC, Mel-Jen, Paul Marciano, Maurice Marciano, Christian Navarro, Thomas Kachani, Navarro Online, LLC, Matthew Marciano, Nancy Hunter, Sami Fromer, Keith Bjelajac, Laura Burns, Christie's Wine, Inc., Christie's Inc., 3900 WA Associates, LLC, Delta Airlines, Inc., Walter Mosley, Nathalie Meza Contreras, Nathalie Meza Contreras Law, PC, Carlos Eduardo Montoya Solis, Juan J. Dominguez, Jae Hyun Kim, Kacey Riccomini, Arthur F. Silbergeld,

Thompson Coburn, LLP, Richard Gene Reinis, Amanda Headworth, Blanca Gutierrez, Dominguez Law Firm, PLLC, Sally D. Grieg, LLC, United States of America, and Does 1-100. Dkt. No. 37 at 5-29.

The gravamen of the FAC alleges that over the course of Plaintiff's employment at Wally's, a Beverly Hills restaurant and bar, she was sexually assaulted, battered, abused, subjected to racism, harassed, and discriminated and retaliated against on multiple occasions by multiple people involved with Wally's, including management and ownership. *Id*. at 30-120. Plaintiff also alleges that she was not accurately paid for the hours she worked. *Id*. at 50-51, 61-62, 77-78, 87-88, 94-95, 98, 102-03, 108-09. On June 12, 2019, Plaintiff alleges she worked her last shift before her wrongful termination. *Id*. at 114.

Shortly thereafter, Plaintiff retained counsel to pursue legal action against her former employer. *Id*. at 120. Plaintiff alleges that her legal counsel conspired with other law firms and withdrew her labor complaints with the Labor Commissioner without her knowledge. *Id*. at 128, 139-45. Plaintiff alleges that, in preparing for her case and filing the lawsuit in Los Angeles County Superior Court, her prior counsel intentionally made numerous errors, causing Plaintiff to represent herself. *Id*. at 145-78.

Plaintiff further alleges that the judge presiding over her state court case, and the arbitrator in charge of the related arbitration, denied Plaintiff the right to amend her complaint and aided Defendants throughout the litigation. *Id*. at 138-39, 181-84. Plaintiff alleges the owners of Wally's Beverly Hills paid and conspired with the law firms she previously retained, the Superior Court judge in charge of her state court case, the clerks for the Los Angeles County Superior Court, the United States District Court for the Central District of California, the California Labor Commissioner's Office, the State Bar of California, the U.S. District Attorney's Office, and the Los

Angeles Attorney General's Office, among others, to deprive her of her day in court. *Id*. at 185-86.

Plaintiff seeks declaratory relief, monetary relief, injunctive relief, and requests that Defendants be found guilty of perjury and subornation of perjury in violation of California Penal Code §§ 118, 127 and that they be found guilty of felonies under California Penal Code §§ 132, 134, 136.1, 182, and 422.85, along with special and general damages and restitution. *Id*. at 205-22.

On June 26, 2025, the District Judge referred all pretrial matters to the assigned Magistrate Judge for review and determination. Dkt. No. 45.

On July 14, 2025, the Court issued an Order to Show Cause Why First Amended Complaint Should Not be Dismissed (the "OSC"). Dkt. No. 50. The Court screened the FAC and determined it was subject to dismissal on the following grounds: (1) failing to adhere to Rule 8 of the Federal Rules of Civil Procedure; (2) improper joinder of Defendants under Rule 20 of the Federal Rules of Civil Procedure; and (3) its claims appeared barred by the *Rooker-Feldman*[1] doctrine. *Id*. at 6-10. The OSC stated that Plaintiff could discharge the OSC by either filing a Second Amended Complaint curing the legal and factual deficiencies outlined in the OSC or voluntarily dismissing the action by no later than August 11, 2025. *Id*. at 10-11. Plaintiff did not file a Second Amended Complaint by that deadline.

On August 25, 2025, the Court issued an Order extending Plaintiff's deadline to respond to the OSC to September 15, 2025. Dkt. No. 74. The Order stated that pursuant to Federal Rule of Civil Procedure 41(b), the Court could recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's July 14, 2025 Order. The Court, in the interest of

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

justice, granted Plaintiff an extension of the deadline. Plaintiff was ordered to show cause by September 15, 2025, why the Court should not recommend that this action be dismissed for failure to prosecute and failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B). The Court stated that to discharge and satisfy this Order, Plaintiff could either file a Second Amended Complaint curing the legal and factual deficiencies outlined in the OSC or voluntarily dismiss the action. *Id.* at 2-3.

On August 29, 2025, Plaintiff filed her response to the OSC. Dkt. No. 82. Plaintiff argued that the Court's directive to either file a Second Amended Complaint or dismiss the action imposed an impossible and unconstitutional burden on her. *Id.* at 1-2. Plaintiff argued that she sought administrative closure of this case and the reopening of her other case filed in this district, *Danielle Victor v. State of California, et al.*, Case No. 2:25-cv-04317-AH-ADSx. *Id.* As previously explained to Plaintiff, this Court does not have authority to intervene in Plaintiff's other case or "to review or overturn a decision rendered by another federal district court." *Pierce v. Obama*, 2014 WL 4959062, at *2 n.2 (S.D. Cal. Aug. 19, 2014) (citing *In re McBryde*, 117 F.3d 208, 223, 225–26 & n.11 (5th Cir. 1997) ("[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.")).

Plaintiff also argued that the OSC created an "impossible trap through contradictory court rulings." Dkt. No. 82 at 4-5. Plaintiff's argument is without merit. The First Amended Complaint was subject to dismissal for the reasons stated in the OSC. Dkt. No. 50 at 6-10. The Court pointed out the deficiencies and provided Plaintiff with an opportunity to cure the defects and file a Second Amended Complaint. Plaintiff has not filed a Second Amended Complaint. Plaintiff's argument concerning jurisdictional defects and

purported judicial misconduct, Dkt. No. 82 at 6, is without merit. The court previously addressed and rejected the purported judicial misconduct claim. *See* Dkt. Nos. 66, 100. Further, Plaintiff's claim that the OSC "operates in retaliation against protected petitioning activity," is belied by the record. Dkt. No. 82 at 4-7. There is no evidence that the OSC was issued in retaliation against Plaintiff for protected petitioning activity; rather, the OSC was issued because the First Amended Complaint was defective and was subject to dismissal. Plaintiff's response to the OSC fails to set forth sufficient reasons demonstrating why this case should not be dismissed.

To date, Plaintiff has not complied with the July 14, 2025 Order to Show Cause or the August 25, 2025 Order. Plaintiff has not filed a Second Amended Complaint. Accordingly, the case is now subject to dismissal for Plaintiff's failure to comply with the Court's Orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. Dismissal Based on Failure to Comply with the Court's Orders

Rule 41(b) grants district courts the authority to dismiss an action on its own motion for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Here, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal. Plaintiff has not filed a Second Amended Complaint despite the Court granting ample time in which to do so. Plaintiff's failure to file a Second Amended Complaint or show good cause for her delay prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor—prejudice to Defendants—does not counsel in favor of dismissal because no viable pleading exists, and thus Defendants might be unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967–68 (9th Cir. 1978). Plaintiff's inaction and failure to file a Second Amended Complaint is an unreasonable delay. As discussed above, Plaintiff's arguments for not filing a Second Amended Complaint are without merit. Dkt. No. 82. This factor weighs in favor of dismissal.

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to file a Second Amended Complaint. Plaintiff was expressly warned that failure to comply with the Court's Orders could result in dismissal. Dkt. Nos. 50, 74. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor—the general policy favoring resolution on the merits—ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. Plaintiff

argues that she has pursued her claims in good faith, despite significant obstruction and docket suppression, and argues there is no showing that Defendants have suffered any prejudice. Dkt. No. 82 at 5-6. There is no evidence of "significant obstruction and docket suppression" by the Court.[2] *See* Dkt. No. 70. Plaintiff was given ample time to file a Second Amended Complaint but failed to do so. It is the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to comply with the Court's Orders and file a Second Amended Complaint, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four of the five factors support dismissal. The Court concludes that dismissal for failure to comply with the Court's orders is warranted.

---

[2] Plaintiff's "Supplemental Notice and Request for Judicial Statement and Clarification to Chief Judge Dolly M. Gee Regarding Withheld Docketing of Plaintiff's Filings, Failure to Transmit Writ of Mandamus to the Ninth Circuit and Ongoing Constitutional Violations Arising from Lack of Transparency and Access to Court Record," Dkt. No. 65 is DENIED. Plaintiff erroneously asserts that her "Request for Judicial Statement and Clarification Regarding Withheld Docketing and Failure to Transmit Petition for Writ of Mandamus to the Ninth Circuit" and her "Motion to Stay Proceedings Pending Resolution of Writ of Mandamus in the Ninth Circuit" were not entered on the docket. Plaintiff is mistaken, both filings were docketed and her allegations of purported withholding of her filings is belied by the record. *See* Dkt. Nos. 60, 61.

## III. ORDER

For the foregoing reasons, this action is dismissed without prejudice for failure to comply with the Court's Orders.

Dated: December 5, 2025

HON. MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE